UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLLIE BABBS, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. C05-5519FDB<br>(CR04-5430FDB)<br><br>ORDER DENYING § 2255 PETITION |

    Petitioner Collie Babbs, Jr. filed a motion pursuant to 28 U.S.C. § 2255 asserting that he had ineffective assistance of counsel, that he was sentenced pursuant to the wrong provision, and that his sentence was based on facts not found by a jury. The Government has responded.

    Petitioner pled to two counts of distribution of cocaine base. The plea agreement acknowledged there was a mandatory minimum sentence of ten years imprisonment. The parties stipulated to the total amount of cocaine base for both counts as 133.3 grams, and the parties also agreed that this resulted in an appropriate sentencing range of 121 to 151 months, although a calculation of Petitioner's total offense level by the United States Probation Department resulted in a Guideline range of 140 to175 months. Petitioner was sentenced to 121 months and five years of supervised release. The face sheet of the Judgment correctly indicated that Petitioner had pleaded

ORDER - 1

guilty to 21 U.S.C. §§ 841(a)(1), but the Judgment contained a clerical error indicating the incorrect subparagraph to the penalty section pursuant to which Petitioner was being sentenced.

The Government notes that Petitioner only raised the *Apprendi* issue in the trial court but not on appeal, but did not raise any of the other issues in the trial court or on appeal.  Petitioner has failed to show any cause that would justify his failure to raise these issues on appeal.  He has not shown prejudice that would overcome his procedural default.  Moreover, his trial counsel did raise the *Apprendi* issue and successfully obtained a sentence of 121 months, which was below the Guideline range of 140-175 months.

Moreover, the clerical error in the Judgment is not grounds for vacating the sentence.  A clerical error is not the same as a substantive mistake in which a court changes its mind or commits a legal or factual mistake in its decision making, *Blanton v. Anzalone*, 813 F.2d 1574, 1577, n.2 (9th Cir. 1987), and a clerical error is easily correctable.

Defense counsel's performance was not deficient.  While she failed to note the clerical error, this was minor and it does not affect the sentence.  Defense counsel did raise the *Apprendi* issue and argued that the probation department had added "points enhancing his sentencing range based upon facts to which Mr. Babbs did not stipulate." (Defendant's Sentencing Memorandum, at 1.)  Thus, rather than sentence Petitioner within the range that the Probation Department calculated, the Court sentenced him at the low end of the range in the plea agreement.

ACCORDINGLY, IT IS ORDERED: Petitioner's Motion pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 2nd day of November, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2