UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>COLLIE BABBS, JR.,<br><br>  Defendant. | Case No. CR04-5430 BHS<br><br>ORDER DENYING MOTION FOR RE-SENTENCING PURSUANT TO 18 U.S.C. § 3582(c)(2) |

This matter comes before the Court on Defendant Collie Babbs, Jr.'s motion for re-sentencing pursuant to 18 U.S.C. § 3582(c)(2). Dkt. 38. The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file, and DENIES the motion as discussed herein.

Judgment was entered on December 10, 2004 against Defendant on a guilty plea to two counts of distribution of cocaine base. The plea agreement, entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), acknowledged there was a mandatory minimum sentence of ten years imprisonment. The parties stipulated to the total amount of cocaine base for both counts as 133.3 grams, and the parties also agreed that this resulted in an

ORDER - 1

1 appropriate sentencing range of 121 to 151 months, although a calculation of Defendant's
2 total offense level by the United States Probation Department resulted in a guideline range
3 of 140 to175 months.  Defendant was sentenced to 121 months and five years of supervised
4 release.  Dkts. 19 and 36.

On November 1, 2007, the United States Sentencing Commission adopted
Amendment 706, which addressed the disparity in sentencing between offenses involving
crack cocaine and powder cocaine by reducing the base offense level for crack cocaine
offenses by two levels under U.S.S.G. § 2D1.1.  The amendment was made retroactive as of
March 3, 2008.  *See* U.S.S.G. § 1B1.10(c); *see also United States v. Leniear*, 574 F.3d 668,
673 (9th Cir. 2009).  As a result, defendants convicted of crack cocaine offenses may seek
sentence reductions under the amended guidelines pursuant to 18 U.S.C. § 3582(c)(2), which
grants district courts the authority to reduce the term of imprisonment of a defendant if the
sentence is "based on a sentencing range that has subsequently been lowered by the
Sentencing Commission . . . ."  *See U.S. v. Bride*,  581 F.3d 888, 889-890 (9th Cir. 2009).

Here, Defendant was not sentenced based upon a sentencing range that has been
lowered; rather, he was sentenced to 121 months based on a non-guideline sentencing range
stipulated to by the parties that was below the guideline range of 140 to 175 months and
factored in the 120-month mandatory minimum sentence.

The Ninth Circuit case of *United States v. Bride*, 581 F.3d 888 (9th Cir. 2009), is
determinative:

> Appellant Titus Bride appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Bride's sentence was imposed pursuant to a binding plea agreement entered into under Federal Rule of Criminal Procedure 11(c)(1)(C). We hold that the district court lacked authority to reduce Bride's sentence because the sentence, which was eleven years shorter than the low end of the applicable advisory Guidelines range, was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

ORDER - 2

*Id.* at 889. *See also United States v. Pacheco-Navarette,* 432 F.3d 967, 971 (9th Cir. 2005). Thus, the Court lacks authority to reduce Defendant's sentence.

Further, the language of 18 U.S.C. § 3582(c)(2) provides the Court with authorization to reduce a sentence where the applicable "sentencing range" has been subsequently lowered. The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected. The Sentencing Commission has not altered, and cannot alter, a statutory mandatory minimum sentence, and that mandate continues to apply. A reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with policy statements if an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another statutory provision, i.e., a statutory minimum term of imprisonment. *See United States v. Jackson,* 577 F.3d 1032 (9th Cir. 2009); *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996).

Defendant was subject to a 120-month minimum term of imprisonment. Thus, all but one month of confinement is required by statute.

Accordingly, it is hereby **ORDERED** that Defendant's Motion for Re-Sentencing Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 38) is **DENIED**.

DATED this 4th day of October, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3